MORGAN BAILEY, *Sheriff, etc. v.* COUNTY COURT OF UPSHUR COUNTY *et al.*

(CC 559)

Submitted May 6, 1936.   Decided May 26, 1936.

*H. Roy Waugh,* for relator.

*A. Jerome Dailey* and *J. M. N. Downes,* for respondents.

HATCHER, PRESIDENT:

This is a proceeding in mandamus involving a sheriff's statement to the county court, under Code, 7-7-7, estimating his expenses for deputies, and for office and clerical help, for the calendar year of 1936.   A demurrer to the petition, after amendment, was sustained by the circuit court, and the sufficiency of the petition certified here.

The petition, as amended, alleges that the relator filed his statement of such expenses with the county court on November 30, 1935; that the court was in session several times between the first and the fifteenth of December without acting on his statement; that later, the court caused an order to be entered bearing date December 11, 1935, which recited erroneously that his statement was filed on that day, and which also recited (correctly)

that his statement was not verified by affidavit and that action thereon was being held in abeyance; that in January, 1936, the court fixed a less sum for his expenses than his estimate; and that such sum is inadequate and the action of the court thereon is the culmination of several years' efforts by the court to hinder and embarrass him in the performance of his duties. He prayed that the court be required to pay his deputies and other help during 1936 according to his estimate of November 30, 1935.

Code, 7-7-7, provides that the county court shall consider and fix the amount for such expenses not later than fifteen days after the statement is filed. The relator takes the position that this provision is mandatory and the failure of the court to comply with the provision must now be treated as effecting an approval of his estimate. However, Code, 7-7-7, has this further provision:

> "All statements required to be filed by this section shall be verified by the affidavit of the person making them, and among other things contained in the affidavit shall be the statement that the amounts shown therein were the amounts actually paid or intended to be paid to the deputies, assistants, or other employees; that no rebates, agreement, understanding and expectation that any part thereof shall be repaid to him, and that nothing has heretofore been paid or promised him on that account, and that if he shall thereafter receive any money, or thing of value, on account thereof, he will account for and pay the same to the county. Until the statements required by this section have been filed, no allowances or payments shall be made to any officer for deputies, assistants, or other employees."

The verification is thus made a requisite part of the statement, and being so, cannot be omitted by a sheriff or waived by a county court. Relator did not verify his statement. Without verification, he had no legal right to have allowances made thereon. He is accordingly without standing in mandamus.

The ruling of the circuit court is

*Affirmed.*